IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY N. OZOROSKI, | : | CIVIL ACTION NO. 1:08-CV-0082 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| JEFFERY A. BEARD, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 6th day of May, 2008, upon consideration of plaintiff's unopposed motion for leave to file a second amended complaint (Docs. 27, 29), and of the motions to dismiss the first amended complaint (Docs. 14, 19, 23) and for default judgment for failure to respond to the first amended complaint (Doc. 20), and it appearing that the claims set forth in the proposed second amended complaint are based upon the same factual averments as the first amended complaint, see FED. R. CIV. P. 15(c), and that granting leave to amend would be in the interests of justice, see id. 15(a)(2) ("[A] party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires."), and the court finding that a second amended complaint renders the first amended complaint a legal nullity, see Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of the lawsuit."); 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (2d ed. 1990) ("Once an amended

pleading is interposed, the original pleading no longer performs any function in the case . . . ."), it is hereby ORDERED that:

1. The motion for leave to file a second amended complaint (Doc. 27) is GRANTED.

2. The Clerk of Court is directed to file the proposed document (Doc. 27 at 5-37) as a second amended complaint as of the date of this order.

3. Defendants shall respond to the second amended complaint within twenty days of the date of this order.

4. The motions to dismiss the first amended complaint (Docs. 14, 19, 23) are DENIED as moot without prejudice.

5. The motion for default judgment (Doc. 20) is DENIED as moot without prejudice to plaintiff's right to request default judgment after expiration of the twenty day period for response to the second amended complaint.  See Best W. Int'l., Inc. v. Melbourne Hotel Investors, LLC, No. 06-2275, 2007 WL 2990132, at *1 (D. Ariz. Oct. 11, 2007) (denying as moot plaintiff's motion for default judgment where an amended complaint was subsequently filed); Vanguard Fin. Serv. Corp. v. Johnson, 736 F. Supp. 832, 835 (N.D. Ill. 1990) (same).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge