## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STANLEY N. OZOROSKI,** | : | **CIVIL ACTION NO. 1:08-CV-0082** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DR. FREDERICK R. MAUE,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 19th day of March, 2009, upon consideration of plaintiff's

letter (Doc. 66), which purports to show good cause excusing plaintiff's failure to

serve process upon defendants Dr. John S. Reidell ("Reidell") and Dr. David E.

Rowe ("Rowe"), and it appearing that plaintiff has been unable to locate Reidell and

Rowe, that plaintiff claims "due diligence was performed to try to locate these

defendants,"[1] (<u>id.</u>), but that far more than 120 days have passed since the filing of

---

[1] Plaintiff states that "Dr. Rowe is in Mexico. Plaintiff conducted a diligent
search for Dr. Rowe and could not locate him for service." (Doc. 66.) No further
elaboration is provided. With respect to Dr. Reidell, plaintiff states that he "left the
[Pennsylvania] Department of Corrections by the time Plaintiff's complaint was
filed. Dr. Reidell was alleged to be employed in a clinic in Minnesota. Plaintiff
attempted to have Dr. Reidell served, but he was no longer at the clinic and there
was no information as to his whereabouts." (<u>Id.</u>) Plaintiff does not describe the
manner in which service was attempted, the number of attempts made, or the
lengths to which he went in order to effectuate service. This failure is especially
glaring in light of the order of court (Doc. 63) dated February 18, 2009, wherein
plaintiff was ordered to show good cause why Rowe and Reidell should not be
dismissed for the failure to effectuate service of process. A full year has passed
since plaintiff filed his complaint. (Doc. 1.) The court has given plaintiff ample
opportunity to either effectuate service or demonstrate good cause why additional
time should be afforded. At this stage of the litigation, plaintiff's vague averments
regarding the efforts taken to serve Rowe and Reidell are simply inadequate.

plaintiff's complaint, see FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."), and the court concluding that plaintiff's attempt to show good cause is insufficient to merit an enlargement of time to serve process, see MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (equating "'good cause' with the concept of 'excusable neglect'"); Cunningham v. New Jersey, 230 F.R.D. 391, 393 (D.N.J. 2005) ("In determining whether there is good cause for the extension of the time for service under Rule 4(m), district courts should consider: (1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve."), that plaintiff has not moved to enlarge the time allotted for service, and that a discretionary extension of time is not warranted, see Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) ("If good cause does not exist, the district court must consider whether to grant a discretionary extension of time."), it is hereby ORDERED that pursuant to Rule 4(m), defendants Dr. John S. Reidell and Dr. David E. Rowe are DISMISSED from the above-captioned matter without prejudice.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge