# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STANLEY N. OZOROSKI,** | : CIVIL ACTION NO. 1:08-CV-0082 |
| **Plaintiff** | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| **DR. FREDERICK R. MAUE**, *et al.*, | : |
| | : |
| **Defendants** | : |

## ORDER

AND NOW, this 10th day of November, 2009, upon consideration of the motion (Doc. 79) to dismiss the third amended complaint (Doc. 68), filed by defendants Dr. Frederick R. Maue and Marva Cerullo (hereinafter "defendants"),[1] and it appearing that defendants invoke immunity from suit in their official capacities, and contend that the third amended complaint fails to state a claim for which relief may be granted, and that it is barred by the applicable statute of limitations, (see Doc. 80), and it further appearing that defendants raised identical arguments in a motion (Doc. 35) to dismiss plaintiff's second amended complaint

---

[1] The motion (Doc. 79) to dismiss is also filed on behalf of Jeffrey Beard, who was dismissed as a party to the above-captioned action on May 28, 2008. (See Doc. 63 at 7 n.9.)

(Doc. 31),[2] and that by the order of court (Doc. 63) dated February 18, 2009, plaintiff's official capacity claims were dismissed, but his complaint was found to adequately state a claim for relief under the First and Eighth Amendments, (see id. at 18-27), and not to be barred, on its face, by the statute of limitations, (see id. at 12-18), and the court concluding that the February 18 dismissal memorandum sufficiently addresses each of the arguments raised in defendants' instant motion,[3]

---

[2] The arguments defendants proffer in support of their Eleventh Amendment immunity and 12(b)(6) claims are identical in all respects to those raised in their motion (Doc. 35) to dismiss the second amended complaint. In fact, it is clear from a comparison of the two motions that, with respect to these arguments, defendants simply re-filed the pertinent sections of their brief in support of the motion (Doc. 35) to dismiss the second amended complaint. (Compare Doc. 80, with Doc. 36.) The attempt to re-raise the Eleventh Amendment issue is particularly strange in that the court has already ruled in defendants' favor and dismissed plaintiff's official capacity claims with prejudice. (See Doc. 63 at 11-12.) Moreover, defendants' regurgitated 12(b)(6) arguments do not address the court's ruling on the earlier 12(b)(6) motion (see Doc. 63 at 18-27), wherein the court found plaintiff's complaint adequate to state a claim for constitutional tort liability. Finally, defendants' statute of limitations argument is limited to contentions which have already been presented—and which the court has already rejected. Defendants do not even mention the continuing violations theory or the extent to which plaintiff has exhausted administrative remedies, conspicuous omissions given the court's focus upon these issues in its February 2009 dismissal memorandum, as well as its resulting disposition that "the face of the complaint does not contain sufficient information upon which the court may determine whether the § 1983 claims are time-barred," (Doc. 63 at 17).

[3] On September 30, 2009, the court conducted a status conference with the parties concerning several discovery issues. At that conference, defendants' counsel acknowledged that the instant motion (Doc. 79) raised no new arguments, and assured the court that the motion would be voluntarily withdrawn. Defendants' counsel neglected to deliver on this assurance, thus prompting the instant order.

it is hereby ORDERED that defendants' motion (Doc. 79) to dismiss the third amended complaint is DENIED.

                                               <u>S/ Christopher C. Conner</u>
                                               CHRISTOPHER C. CONNER
                                               United States District Judge